ACCEPTED
05-14-01312-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/7/2018 12:16 PM
LISA MATZ
CLERK

No. 05-14-01312-CV

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/7/2018 12:16:43 PM
LISA MATZ
Clerk

In the
COURT OF APPEALS
FIFTH DISTRICT OF TEXAS
DALLAS, TEXAS

Chan IL Pak
Appellant

v.

AD Villarai, LLC, The Ashley Nicole Williams Trust,
and Villas on Raiford Carrollton Senior Housing, LLC.
Appellees

On Appeal from the
101st Judicial District Court of Dallas County, Texas.

APPELLEE'S STATEMENT OF RULE 49.2 OPTION

Appellees and Cross-Appellants AD Villarai, L.L.C., The Ashley Nicole Williams Trust, and Villas on Raiford Carrollton Senior Housing, L.L.C. ("Villas"), following Texas Rule of Appellate Procedure 49.2, hereby exercise their option not to file a full response, unless the Court so requests.

This option is exercised because the Appellant's Motion for Rehearing, filed June 5, 2018, raises no new arguments. Specifically, Mr. Pak again repeats his

argument that no corporate action can ever be taken against him by Villas, unless he consents to that action, despite the unopposed findings that he has committed a prior material breach of the Villas Company Agreement[1] and that violating members can be removed from Villas based upon the vote of the "remaining members"[2] meaning the members other than Mr. Pak. These arguments have already been raised and addressed by the parties and by the Court. For example, see Mr. Pak's argument I. in his Appellant's Brief: "This court cannot interpret the company agreements to exclude any requirements that Chan Pak consent to his own expulsion." Chan Pak's Amended Appellant Brief, December 1, 2017, at p. 66. A large portion of the Motion for Rehearing again addresses that Article 5.11 of the Company Agreement and Texas Business and Commerce Code Section 101.359, allowing corporate entities to function by signed written consents, are somehow inapplicable here. (Motion for Rehearing pp. 16-24.) The same arguments were presented in the Amended Appellant's Brief of December 1, 2017 at pages 61-64.

The Motion for Rehearing also fails to clearly identify any new or different argument or any specific aspect of the Court's Judgment and Opinion which is being challenged. It has failed to meet the standards that a motion for rehearing "must clearly state the points relied on for the rehearing." Tex. App. Proc. Rule 49.1.

---

[1] Conclusion of Law 5
[2] Pltfs' Tr. Exs. 2 and 8, each at Article 8.6(e), and Findings of Fact 12 and 63.

G:\Q\AN23-4 Anderson -Chan Lawsuit\Appeal 14-01312\DRAFTS\Response 06-06-18.docx

Appellees pray that the motion for rehearing be denied without requiring further response. In the alternative, Appellees pray that this Court advise Appellees to file a full response to the motion for rehearing, and for such other and further relief to which Appellees show themselves justly entitled.

                                        Respectfully submitted,

                                        By:_*William F. LePage*_____
                                              William F. LePage
                                              State Bar No. 12216800
                                              Peter C. D'Apice
                                              State Bar No. 05377783

                                        **STUTZMAN, BROMBERG,
                                        ESSERMAN & PLIFKA, P.C.**
                                        2323 Bryan Street, Suite 2200
                                        Dallas, Texas 75201
                                        Telephone: (214) 969-4900
                                        Telecopy: (214) 969-4999
                                        lepage@sbep-law.com

                                        **COUNSEL FOR CROSS APPELLANTS
                                        AND APPELLEES AD VILLARAI, LLC,
                                        THE ASHLEY NICOLE WILLIAMS
                                        TRUST AND VILLAS ON RAIFORD
                                        CARROLLTON SENIOR HOUSING,
                                        LLC**

**Co-counsel:**

David M. Pruessner
State Bar No. 16364500
Law Offices of David M. Pruessner
4111 Joshua Lane
Dallas, Texas 75287
(214) 543-6827
Fax: (972) 716-1899

## CERTIFICATE OF SERVICE

This is to certify a true and correct copy of the above response has been served electronically through the State's electronic manager to Chan Pak on this the 7th day of June, 2018.

*/s/ William F. LePage*

William F. LePage